IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH E RICKERSON,

      Plaintiff,

v.                                    CASE NO. 5:11-cv-279-MP-GRJ

CORRECTIONS CORPORATION
OF AMERICA,

      Defendants.

_____/

## ORDER

      This cause is before the Court on Plaintiff's Complaint (Doc. 1); Petition for Writ of Mandamus (Doc. 3); Motion for Specific Performance (Doc. 4); and Motion to Appoint Counsel (Doc. 5.)  Plaintiff, a prisoner in a state correctional institution, filed a *pro se* Complaint (Doc. 1), which was handwritten and not on the form for Civil Rights Complaints by state prisoners.  Plaintiff did not provide service copies nor did he pay the filing fee or submit a motion to proceed as a pauper.

      Plaintiff's initial complaint alleges that the Corrections Corporation of America (CCA) runs Graceville C.I. and has violated the Americans with Disabilities Act by not categorizing him as legally blind or providing him with assistive devices.  As relief, Plaintiff seeks a U.S. Attorney General Investigation into his claims.  (Doc. 1).  In his "Petition for Writ of Mandamus" (Doc. 3), Plaintiff again asks the Court to compel the U.S. Attorney General to investigate his ADA claims.  In his "Motion for Specific Performance," Plaintiff once again asks the Court to compel an investigation into his claims, seeks medical records, and seeks expenses for testing of his right eye.  Plaintiff

also requests that the investigation include the Florida Department of Corrections. (Doc. 4.)

As a preliminary issue, Plaintiff's "Petition for Writ of Mandamus" (Doc. 3) and "Motion for Specific Performance" (Doc. 4) are essentially just amended versions of his complaint, adding additional facts, an additional Defendant (the Department of Corrections), and additional requests for relief.  They suffer from similar deficiencies as the first complaint in that they are not on the Court's required form.  Accordingly, Docs. 3 & 4 shall be stricken from the record.

The essence of Plaintiff's claims are that the Corrections Corporation of America and the Florida Department of Corrections violated Title II of the Americans with Disabilities Act (ADA).  (Docs. 1, 3, 4.)  Plaintiff challenges the determination that he is not impaired–a determination that has affected his eligibility for certain services, such as a cane, magnifier, talking books, and an assistant.  Plaintiff also seeks additional treatment with an optometrist.

Plaintiff will be afforded an opportunity to amend his complaint on the Court's forms.  Plaintiff has asserted a claim for violation of the ADA.  However, it is unclear whether he wishes to assert Title II claims that also independently violate the Constitution.  Clarification of these issues is required by the Supreme Court's decision In *United States v. Georgia*, 546 U.S. 151 (2006) (Title II abrogates state sovereign immunity to the extent it "creates a private cause of action for damages against the States for" unconstitutional conduct).  In his amended complaint, Plaintiff shall clearly specify: (1) the specific conduct, if any, he alleges violates the constitution and is actionable under 42 U.S.C. § 1983; (2) to what extent the alleged conduct underlying

the constitutional claims, if any, also violates Title II of the ADA; and (3) what specific conduct, if any, violates Title II but not the Constitution. *See Miller v. King,* 449 F.3d 1149 (11th Cir. 2006) (remanding claim to district court for amendment of complaint in conformity with the heightened pleading specifications of *United States v. Georgia*).

As to the Defendants in this case, Plaintiff initially named only Corrections Corporation of America as a Defendant. In his "Motion for Specific Performance," Plaintiff names CCA and the Florida Department of Corrections as Defendants. (Doc. 4.) Plaintiff is advised that the Eleventh Circuit has held that GEO Care Croup, Inc., a private prison management corporation operating a Florida state prison and, according to Plaintiff, CCA's predecessor at Graceville C.I., "is not a public entity subjecting it to liability under Title II of the ADA and is, therefore, not a proper defendant" in an inmate's Title II claim. *Edison v. Douberly,* 604 F.3d 1307, 1310 (11th Cir. 2010). Accordingly, CCA would not be a proper Defendant. If Plaintiff intends to raise claims against individual persons, he must, as to each set of claims (Constitutional and ADA) indicate whether the person is sued in their official or individual capacity.

As to the relief requested in this case, Plaintiff is advised that the ADA provides for injunctive relief and/or money damages. *See* 42 U.S.C. § 12188.

Plaintiff requests appointment of counsel. (Doc. 5.) A plaintiff in a civil case has no constitutional right to counsel. A court has broad discretion in appointing counsel for an indigent plaintiff, *Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999); but only exceptional circumstances warrant appointment of counsel, such as where the legal issues are so novel or complex as to require the assistance of a trained practitioner. *Id.* at 1320; *Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990). The Court finds that the issues

presented in the complaint are neither novel nor complex, and therefore appointment of

counsel is not warranted.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Docs. 3 & 4 are hereby **STRICKEN** from the record.

2. The **Clerk** is directed to send Plaintiff a blank prisoner civil rights complaint form and instructions as well as an application for leave to proceed as a pauper (prisoner form).

3. Plaintiff shall fully complete the complaint form using clearly legible type or handwriting.  In amending his Complaint, Plaintiff shall not refer back to his original Complaint or incorporate any part of his original Complaint by reference. Plaintiff shall file the amended complaint, titled as such, together with two identical copies of the amended complaint, **on or before January 5, 2012.**

4. Plaintiff shall **on or before January 5, 2012,** either pay the $350.00 filing fee or move for leave to proceed as a pauper.

5. Plaintiff's motion for appointment of counsel, Doc. 3, is **DENIED.**

6. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to obey an order of the court.

**DONE AND ORDERED** this 5th day of December 2011.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge