IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH E RICKERSON,

    Plaintiff,

v.                                                  CASE NO. 5:11-cv-279-MP-GRJ

S. GILLS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Graceville C.F., has been granted leave to proceed as a pauper and is proceeding pursuant to a First Amended Complaint. (Docs. 7, 10.) Plaintiff alleges that Defendants violated his rights under the Americans with Disabilities Act (ADA) and the First, Eighth, and Fourteenth Amendments. (Doc. 7). Having reviewed the First Amended Complaint, the undersigned finds that Plaintiff has, for the purposes of frivolity review, sufficiently stated claims under both § 1983 and the ADA. It is **RECOMMENDED**, however, that the following claims be **DISMISSED** for failure to state a claim: (1) any ADA claims against Defendants Gills, Kats-Kagan, Doyle, and CCA; (2) any ADA claim against Harvey in her individual capacity; (3) any § 1983 claim against the Florida Department of Corrections (DOC); (4) any § 1983 claims against Defendant Harvey in her individual or official capacities; (5) any claim for § 1983 damages against Defendants Gills, Kats-Kagan and Doyle in their official capacities; and (6) all claims against the Florida Department of Management Services (DMS).

**Plaintiff's Allegations**

Plaintiff's alleges that Defendants were deliberately indifferent to his medical needs and violated the ADA by not categorizing him as legally blind or providing him with assistive devices. Plaintiff alleges that after CCA began operating Graceville C.F., he was no longer provided with accommodations and deprived of participation visitation and educational programs. As relief, Plaintiff seeks an Attorney General investigation, injunctive relief, and damages. Plaintiff contends that he suffers from a condition called uveitis in his right eye and that for five years while incarcerated he has been considered legally blind and provided with accommodations such as a cane, magnifiers, talking books, talking book machine, inmate assistants, sunglasses and other accommodations.

Plaintiff alleges that in January 2011, he requested a replacement cane and magnifier and his request was approved. However, Plaintiff alleges that on May 12, 2011, he filed an informal grievance because he had not received the replacements. Plaintiff alleges that Graceville C.F. Health Services Administrator Kerry Doyle responded to his grievance that the cane would be arriving within the week, but Plaintiff would have to see a doctor, who would determine whether it would be issued to Plaintiff because his vision was corrected and he was no longer considered to have a disability under the ADA. Plaintiff states that he suffers from macular degeneration, uveitis, and retinitis pigmentosa, incurable eye diseases. Plaintiff contends that in retaliation for his grievance, Defendant Doyle took away is cane and other accommodations.

On June 7, 2011, Assistant Warden S. Gills notified Plaintiff that the staff physician and two optometrists concluded that he was not legally blind. Plaintiff

contends that Ms. Doyle refused to give him copies of his medical records and denied his requests for inmate assistants.  Dr. G. Kats-Kagan also stated in a grievance response that Plaintiff was not legally blind and declined to approve his accommodations.

Plaintiff's sole allegation against Defendant Ebony Harvey appears to stem from the fact that she was the official at the DOC's Bureau of Inmate Grievances in Tallahassee who received and rejected Plaintiff's administrative remedy appeals.  Plaintiff alleges that he was able to receive necessary accommodations when Graceville C.F. was operated by GEO, but while under CCA's operation of the facility, he has been denied reasonable accommodations.  Plaintiff alleges that the DMS "should have known better" to contract with CCA to operate Graceville C.F. because the company does not follow the ADA.  (Doc. 7.)

## Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court must screen prisoner complaints which seek redress from a governmental entity or officer or employee of such an entity.  Section 1915A(b) requires the court to dismiss a prisoner complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  To state a claim for relief under Title II of the ADA, a plaintiff must allege that (1) he is a "qualified individual

with a disability," (2) he was "excluded from participation in or . . . denied the benefit of the services, programs, or activities of a public entity," or otherwise "discriminated [against] by such an entity," (3) "by reason of such disability." 42 U.S.C. § 12132. The ADA's protections against discrimination apply to state prison inmates. *See, e.g., Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998).

If a litigant cannot state a claim or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### Title II Americans with Disabilities Act Claims

Plaintiff sues individual Defendants Gills, Kats-Kagan, Doyle, and Harvey in both their individual and official capacities. There is no individual liability under the ADA, and as such, any ADA claims against these Defendants in their individual capacities should be dismissed. 42 U.S.C. § 12132; *see also Outlaw v. Jordon,* 2011 U.S. Dist. LEXIS 130999 (M.D. Ga. 2011) (dismissing prisoner's ADA claims against prison officials in their individual capacities). Any ADA claims against Defendants Gills, Kats-Kagan, and

Doyle in their official capacities, as well as any ADA claims against CCA, are likewise due to be dismissed. The Eleventh Circuit has held that GEO Care Croup, Inc., a private prison management corporation operating a Florida state prison and, according to Plaintiff, CCA's predecessor at Graceville C.F., "is not a public entity subjecting it to liability under Title II of the ADA and is, therefore, not a proper defendant" in an inmate's Title II claim. *Edison v. Douberly,* 604 F.3d 1307, 1310 (11th Cir. 2010). In *Edison,* an inmate Plaintiff sued GEO employees in their "official capacities," which the court interpreted as suits against the prison management company, which was not a public entity under Title II of the ADA. The court dismissed the claim because neither the prison management company nor its employees, even in official capacities, were not proper defendants under Title II. *Id.* Accordingly, CCA and Defendants Wills, Kats-Kagan, and Doyle are not proper defendants to Plaintiff's Title II claim.

Plaintiff also fails to state an ADA claim against the Florida Department of Management Services. While the DMS appears to qualify as a "public entity," Plaintiff fails to allege any ADA violation against DMS. The only allegation Plaintiff makes regarding DMS is that it "should have known better" than to contract with CCA to run the prison. Plaintiff does not allege denial of any DMS programs, services, or reasonable accommodations. Plaintiff has failed to state an ADA claim against DMS.

In sum, for the purposes of initial screening, the only ADA claims that should go forward are Plaintiff's claims against the DOC and Defendant Harvey in her official capacity.

**42 U.S.C. § 1983 Claims**

Plaintiff cannot bring a claim under 42 U.S.C. § 1983 against the DOC or DMS,

because "a suit in which is the State or one of its agencies is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Furthermore, Defendants Gills, Kats-Kagan, Doyle, and Harvey--in their official capacities--are immune from claims for damages.  *Jackson v. Ga. Dep't Transp.,* 16 F.3d 1573, 1575 (11th Cir. 1994).

Plaintiff has failed to state a claim for relief against Defendant Harvey. Defendant Harvey is not a prison official at Graceville C.F., and her sole involvement was to review and deny Plaintiff's administrative grievance at the DOC Secretary's level of review.  "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Plaintiff makes no factual allegations suggesting that Defendant Harvey had any personal connection to the alleged violation of Plaintiff's civil rights sufficient to trigger liability under §1983.

Plaintiff alleges CCA violated his Eighth Amendment right to be free from cruel and unusual punishment.  To the extent liability is predicated on the actions of CCA employees, CCA cannot be held liable under a *respondeat superior* theory.  *See Monell v. Dep't Social Services*, 436 U.S. 658 (1978).  Section 1983 liability against CCA must be predicated on the existence of an official policy or custom that constitutes deliberate indifference.  *See Buckner v. Toro,* 116 F.3d 450, 453 (11th Cir. 1997) ("[T]he *Monell* policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates").  Construing Plaintiff's First Amended Complaint liberally, particularly his allegation that the violations did not occur until CCA took over operation

of the facility, Plaintiff's § 1983 claims against CCA may proceed.

In sum, for the purposes of initial screening, the only § 1983 claims that should go forward are Plaintiff's claim against CCA; against Defendants Gills, Kats-Kagan, and Doyle in their official capacities, but only to the extent Plaintiff seeks prospective injunctive relief; and against Defendants Gills, Kats-Kagan, and Doyle in their individual capacities.

## Conclusion

In view of the foregoing, it is respectfully **RECOMMENDED** that:

1. ADA claims against Defendants Gills, Kats-Kagan, Doyle, and CCA be **DISMISSED** for failure to state a claim.

2. The ADA claim against Harvey in her individual capacity be **DISMISSED** for failure to state a claim.

3. § 1983 claims against the Florida Department of Corrections (DOC) be **DISMISSED** for failure to state a claim.

4. § 1983 claims against Defendant Harvey in her individual or official capacities be **DISMISSED** for failure to state a claim.

5. Claims for § 1983 damages against Defendants Gills, Kats-Kagan and Doyle in their official capacities be **DISMISSED** for failure to state a claim.

6. The Florida Department of Management Services (DMS) be **DISMISSED** as a party to this suit because Plaintiff has failed to state a claim against DMS.

7. The only ADA claims that should go forward are Plaintiff's claims against the DOC and Defendant Harvey in her official capacity.  The only § 1983 claims that should go forward are Plaintiff's claim against CCA; against Defendants Gills, Kats-Kagan, and

Doyle in their official capacities, but only to the extent Plaintiff seeks prospective injunctive relief; and against Defendants Gills, Kats-Kagan, and Doyle in their individual capacities.  Service will be directed on Plaintiff's behalf in a separate order by the undersigned.

**IN CHAMBERS** in Gainesville, Florida, on the 8th day of February 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**